## David Wormser v. Paul R. Welcker.

1. VERDICTS—*Conclusive as to Questions of Fact.*—Where a question of fact has been fairly submitted to a jury its decision is final.

Assumpsit.—Services rendered. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October term, 1896.

ZACH. HOFHEIMER, attorney for appellant.

SIGMUND ZEISLER, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit to recover damages for breach of contract

by the wrongful discharge of appellee before the expiration of his period of employment.

A copy of the contract sued on is as follows:

"Contract made between Dr. Paul R. Welcker, party of the first part, and Dr. Billig's Inhalitorium and David Wormser, parties of the second part. Party of the first part agrees to give the Inhalitorium his undivided services and attention for the term of one year, beginning with the second day of January, 1895. The doctor agrees to become and act as consulting and examining physician for the Inhalitorium, and to be at his post of duty at any and all hours of the day and night. The doctor agrees to give up all other medical practice, except such as may be allowed him by the management of the Inhalitorium, and to devote all his time and energy to the furtherance of the interests of the Inhalitorium. The Inhalitorium hereby engages the doctor for services hereinbefore mentioned, and to pay him the sum of two thousand dollars per annum, in monthly installments of one hundred and sixty-six dollars and sixty-six cents, payable at the end of each month; and furthermore, fifteen per cent of all sums taken in at the Inhalitorium for consulting and examining fees. The Inhalitorium further agrees that the total compensation of the doctor for the year shall reach at least the sum of four thousand dollars. David Wormser hereby binds himself to the strict fulfillment of the financial obligations entered into by the Inhalitorium."

Proper averments of performance, and of readiness and ability to perform, by the appellee, and of his wrongful discharge on April 30, 1895, were made.

The plea was of the general issue. The jury found a verdict in favor of appellee for $2,000, and judgment, accordingly, was entered.

No exception was preserved to any of the evidence; and there is no question of pleading involved, for by stipulation of counsel it was agreed that all evidence tending to support a cause of action in assumpsit, might be introduced under the declaration, as filed, and that under his plea of

the general issue, the appellant, as defendant, might introduce any evidence tending to show a defense to any cause of action proved by the appellee, as plaintiff; and no error in the one instruction given on behalf of appellee is argued, or pointed out.

The question was simply one of fact as to whether appellee was wrongfully discharged or not, and has been settled adversely to the appellant by a jury, to whom, so far as pointed out, it was fairly submitted.

The judgment is therefore affirmed.